IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ERIK NATKIN, DO and DR. ERIK NATKIN, DO PC, a Utah Corporation,<br><br>         Plaintiffs,<br>    v.<br><br>BENJAMIN NATKIN,<br><br>         Defendant. | Case No.: 3:25-cv-00040-YY<br><br><br>ORDER |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Youlee Yim You issued a findings and recommendation ("F&R") in this case, ECF 26, on July 31, 2025. Judge You recommended that this Court dismiss this action without prejudice pursuant to the *Brillhart/Wilton* doctrine and deny any pending motions as moot. *Id.* at 11. Plaintiffs and defendant timely filed objections. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.*

**DISCUSSION**

Individual plaintiff Erik Natkin, DO and corporate plaintiff Erik Natkin, DO PC, bring this action against defendant Benjamin Natkin, seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Compl., ECF 1. On March 28, 2025, defendant moved to dismiss this case pursuant to the court's discretionary authority under the *Brillhart-Wilton* doctrine or for lack of personal jurisdiction. Def. Mot. to Dismiss, ECF 8, at 6-14. Alternatively, defendant moved to dismiss or transfer the case on the basis of improper venue or forum non conveniens. *Id.* at 15-20. The F&R concerns that motion. In the

1

F&R, Judge You found that two of the three *Brillhart* factors favored dismissal. F&R 11. Based on this analysis, Judge You recommended that this case should be dismissed without prejudice. *Id.* As described next, plaintiffs and defendant each filed objections.

Plaintiffs object to dismissal, and specifically to three findings made within the F&R. Pls. Objs to F&R ("Pls. Objs."), ECF 28. First, plaintiffs object to the finding that the first *Brillhart* factor, concerning the needless determination of state law issues, favors dismissal. *Id.* at 2. Second, plaintiffs object to the weight afforded to the second *Brillhart* factor. *Id.* at 3. Plaintiffs do not object to the conclusion the F&R reached on this factor but argue that the factor should have been weighed "more heavily against the decision to exercise discretionary abstention[] because Defendant is in fact engaging in forum shopping[.]" *Id.* Finally, plaintiffs object to the scope of the *Brillhart* factors considered. Plaintiffs argue that the F&R erred by discussing "only three of the numerous factors set forth in *Brillhart* . . . and its progeny," and that additional factors support exercising jurisdiction over this case. *Id.* at 2. Defendant objects only to the finding that plaintiffs did not engage in forum shopping under the second *Brillhart* factor. Def. Obj. to F&R ("Def. Obj."), ECF 29, at 1 & n.1. The Court considers, in turn, (1) plaintiffs' objections regarding the first *Brillhart* factor; (2) the parties' objections regarding the second *Brillhart* factor; and (3) plaintiffs' objections regarding consideration of additional factors.

**A.    Needless Determination of State Law Issues**

The first *Brillhart* factor considers whether exercising jurisdiction would result in a needless determination of a state law issue. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). The F&R found that exercising jurisdiction here would result in a needless determination of a state law issue because the same issue underlying this case, "what amount defendant is owed for his legal services pursuant to his fee agreement with plaintiffs," is simultaneously being adjudicated in a "parallel proceeding" in Los Angeles County Superior Court. F&R 6-7. The F&R reasoned that "both the state action and the federal declaratory judgment action arise from the same facts, present the same legal issue, and involve the same parties," and "whichever court hears the matter will need to determine the parties' contractual rights by interpreting or applying state contract law." *Id.* at 7. "Thus, given there is a parallel

proceeding in California based on the same state law claim, [the federal] court would avoid the needless determination of state law issues by dismissing plaintiffs' case and leaving the parties to resolve the matter in Los Angeles Superior Court." *Id.*  Plaintiffs object to this finding, arguing that there will be no needless determination of a state law issue because while "[t]he issue presented may be an issue of state law, [] it is an issue of Oregon law, not California law." Pls. Objs. 4.  Plaintiffs also assert that the state action and federal declaratory judgment action seek to enforce different fee agreements and that case law cited within the F&R "support[s] abstention when the parallel state lawsuit concerns the *same* contract." *Id.* at 4-5 (emphasis added).

The Court first notes that it is within its discretion to decline to consider arguments and evidence offered for the first time in a party's objections to a magistrate judge's findings and recommendations.  *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004); *U.S. v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).  This is true here—plaintiffs did not raise either of these arguments in their initial briefing.  Regardless, plaintiffs' first objection is easily disposed of.  Plaintiffs' action is brought under diversity jurisdiction, and plaintiffs do not argue that there is any federal issue in this case.  Indeed, plaintiffs concede that the issues are all ones of state law, proffering argument only as to *which* state's law should apply.  The first *Brillhart* factor therefore favors the exercise of abstention.  *See Maryland Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1183 (C.D. Cal. 2014) ("A 'needless determination of state law' may involve an ongoing parallel state proceeding regarding the 'precise state law issue,' an area of law Congress expressly reserved to the states, or a lawsuit with no compelling interest (e.g., a diversity action)"); *and see R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (finding the first factor to weigh in favor of abstention where retaining jurisdiction "would have required the district court to decide basic issues of state law").

Plaintiffs support their argument by pointing to two cases cited within the F&R.  *See* Pls. Objs. 5.  Neither case aids plaintiffs' position.  First, in *Brown v. Iconex, LLC*, the court considered whether to exercise jurisdiction over an action brought by a former employee against his former employer under the Declaratory Judgment Act related to alleged breaches of the parties' employment agreement.  No. 8:23-cv-00276-FWS-JDE, 2023 WL 6786773, at *1 (C.D. Cal. May 17, 2023).  The former employer filed suit in

3

Arizona state court, and two weeks later, the former employee filed suit in the United States District Court for the Central District of California. *Id.* In relevant part, the former employee argued that he was not subject to personal jurisdiction in Arizona and that the employment agreement's forum selection clause was unenforceable under California law. *Id.* The court held that the first *Brillhart* factor favored abstention. *Id.* at 2. Specifically, the court reasoned that both the federal and state actions "concern[ed] only state law contract interpretation"; there were "[n]o federal claims [] at issue"; and there was "no indication from the record that the court in the Arizona action would be unable to apply California state law if . . . appropriate." *Id.* The same is true here: both the federal and state actions concern only state law contract interpretation; there is no federal claim at issue; and there is no indication from the record that the court in the California action would be unable to apply Oregon state law if appropriate. The F&R properly considered the effect of *Brown* on the facts at hand.

Second, in *First Federal Bank v. BLC Water Co. LLC*, the court considered a motion to consolidate six cases and to stay proceedings pursuant to the *Brillhart* doctrine. No. 3:24-cv-05729-TL, 2024 WL 4949039, at *1 (W.D. Wash. Dec. 3, 2024). The six cases arose "from the same nucleus of facts and involve[d] similar loans made in close temporal proximity by [the] plaintiff." *Id.* In considering the motion to stay, the court held that the first *Brillhart* factor weighed in favor of abstention because the plaintiff's claims "involve[d] solely state law issues" and "present[ed] only state law matters"—"namely the validity and enforceability of loan documents" and "claims for breach of contract and monies due." *Id.* at *2. Here, similarly, plaintiffs' claims involve solely state law issues (whether ones of California or Oregon state law) and present only state law matters. The F&R properly considered the effect of *First Federal Bank*.

Plaintiffs additionally argue that both *Brown* and *First Federal Bank* support the proposition that the first *Brillhart* factor only favors "abstention when the parallel state lawsuit concerns the same contract." Pls. Objs. 5. Neither case (nor any other authority reviewed by this Court) makes this distinction. The Court declines to read the first *Brillhart* factor so narrowly.

For these reasons, the Court finds that the F&R did not err in concluding that retaining jurisdiction would result in a needless determination of state law issues.

### B.   Discouraging Forum Shopping

The second *Brillhart* factor considers whether there is any concern that a party is "attempt[ing] to avoid state court proceedings by filing [a] declaratory relief action[] in federal court," i.e., engaging in forum shopping.  *Chamberlain*, 931 F.2d at 1367.  The F&R found that there was insufficient evidence "to suggest that plaintiffs were seeking a better outcome by filing in this district" and it thus could not "be concluded that dismissing plaintiffs' action would somehow discourage forum shopping."  F&R 10.  Plaintiffs do not object to the F&R's conclusion on this factor but argue that the F&R erred by not weighing this factor "more heavily against the decision to exercise discretionary abstention[] because Defendant is in fact engaging in forum shopping."  Pls. Objs. 3.  Plaintiffs again raise this argument for the first time in their objections.  Regardless, plaintiffs cite to no authority suggesting that this *Brillhart* factor should be afforded greater weight than the others, and the Court is aware of none.  Plaintiffs' objection to the F&R's consideration of the second *Brillhart* factor fails.

Defendant, in turn, argues that the F&R erred in finding that plaintiffs did not engage in forum shopping. Def. Obj. 2.  Defendant asserts that the F&R's recognition "that there is evidence that Plaintiffs' declaratory relief action is reactive to Defendant's notice of intent to file a breach of contract action" is sufficient in this District "to warrant a finding that Plaintiffs' action is an anticipatory suit and [to] decline to exercise jurisdiction."  *Id.* at 2-3.  Defendant thus argues that the F&R erred "[b]y requiring that Defendant also provide evidence that Plaintiffs filed in this District for a tactical advantage."  *Id.* at 4.  Finally, defendant argues that there is evidence that plaintiffs filed in this District to gain a tactical advantage and, regardless, the fact "that Plaintiffs are also inconvenienced by litigating this case in Oregon does not lead to the conclusion that Plaintiffs did not seek to gain a tactical advantage by filing in Oregon." *Id.* at 4.  Defendant's arguments fail.

The Ninth Circuit is "cautious about labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in federal court."  *R.R. St. & Co.*, 656 F.3d at 982.  Indeed, a party's "preference for federal court is insufficient to constitute forum shopping; nor is [a] [d]efendant's choice of filing in its forum of preference."  *Brown*, 2023 WL 6786773, at *3 (citing *Huth v. Hartford Ins. Co. of*

5

*Midwest*, 298 F.3d 800, 804 (9th Cir. 2002)). At the same time, "federal courts should generally decline to entertain reactive declaratory actions." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *see Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991) ("[I]f a declaratory judgment suit is defensive or reactive, that would justify a court's decision not to exercise jurisdiction."), *overruled on other grounds by Gov't Emps. Ins. Co.*, 133 F.3d at 1225. The Ninth Circuit's "archetype of . . . 'reactive' litigation" is a declaratory judgment action brought "during the pendency of a non-removable state court action presenting the same issues of state law." *Robsac Indus.*, 947 F.2d at 1372. A federal declaratory judgment action filed before a parallel state action can still be deemed reactive, however, if the party filing the federal action is "aware of [the state court] claim and hoped to preempt any state court proceeding" through its filing. *Robsac Indus.*, 947 F.2d at 1372-73.

Beyond these archetypal cases, however, case law becomes murkier. In many cases, although a suit was technically deemed to be reactive, the reviewing court nonetheless found the second *Brillhart* factor to be neutral—largely where some other fact or circumstance was also identified as being at play. *See Smith v. Lenches*, 263 F.3d 972, 977-78 (9th Cir. 2001) (holding that this factor "appear[ed] neutral" despite the fact that the federal counterclaim dismissed pursuant to *Brillhart* was "'reactive,' was not the first filed[,] and present[ed] issues of state law" that were previously presented in the parallel state action because "[b]oth sides had good reason to proceed as they chose to proceed" and "neither c[ould] be faulted for seeking to litigate issues in the forum of its choice"); *see also Brown*, 2023 WL 6786773, at *3 ("The timing and scope of this action indicates Plaintiff's filing this case was still 'reactive,' but '[f]or purposes of analysis under *Brillhart*, the second factor appears neutral.'" (quoting *Smith*, 263 F.3d at 977)); *and see Geragos & Geragos, APC v. Travelers Indemnity Co. of Conn.*, Case. No. CV 20-4414 PSG (Ex), 2020 WL 4673459, at *8 (C.D. Cal. Aug. 12, 2020) ("Although 'reactive' declaratory actions are generally disfavored under the second *Brillhart* factor, an insurer is not prohibited from seeking 'a forum that could resolve all issues related to [a policy] in one comprehensive proceeding.'"). Contrary to defendant's position, a finding that an action is reactive does not *automatically* command a finding that the second *Brillhart* factor tips in favor of abstention where there exist other legitimate reasons for a plaintiff pursuing

6

a given forum. Here, plaintiffs argue that they filed in this District for other reasons, namely being the factual underpinnings tying this case to Oregon, of which there appear to be many. *See* Pls. Objs. 3-4. Based on the case law described herein, the Court finds that the F&R did not err in its consideration of the second *Brillhart* factor.[1]

**C.     Number of Factors Considered**

Plaintiffs finally assert that the F&R erred in considering "only three of the numerous factors set forth in *Brillhart* . . . and its progeny" and that another *Brillhart* factor, addressing whether the parallel state action will "adjudicate all disputes between the parties or potential parties," warrants exercising jurisdiction. Pls. Objs. 3, 5. Specifically, plaintiffs assert that attorney Bryan Boender (who is not a party in this proceeding) "may at any time seek judicial remedies so that he can access the portion of proceeds that he holds subject to Defendant's claim of lien." *Id.* at 6. Because Boender does not appear to be subject to personal jurisdiction in California, and in light of this case's factual ties to Oregon, plaintiffs argue "that this case is best resolved in this Court or in one of Oregon's circuit courts." *Id.*

Plaintiffs' final objection fails. As a preliminary matter, plaintiffs once again did not raise this argument until they filed objections to the F&R. But regardless, plaintiffs' argument fails on the merits because plaintiffs misstate the identified factor. In *Brillhart v. Excess Insurance Company of America*, the Supreme Court noted that a "federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." 316 U.S. 491, 495 (1942). As to the first clause, the claims of all parties in interest in this case *can* satisfactorily be adjudicated in the parallel state

---

[1] The remaining cases cited by defendant do not alter the Court's conclusion. Defendant largely points to case law addressing the first-to-file rule and anticipatory suits generally. *See* Def. Obj. 3. These cases largely do not address the application of those general rules in the specific context of analyzing abstention under *Brillhart*. *See, e.g.*, *Adidas America, Inc. v. Herbalife Intern., Inc.*, No. CV 09-661-MO, 2010 WL 596584, at *2 (D. Or. Feb. 12, 2010) (discussing the anticipatory suit exception to the first-to-file rule, without mention of *Brillhart* or abstention); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1098-99 (N.D. Cal. Mar. 10, 2006) (same); *Ex-Im Plastics, Inc. v. Miwon Am., Inc.*, No. CV 96-5610 JGD RCX, 1996 WL 928189, at *2-3 (C.D. Cal. Oct. 28, 1996) (discussing general exceptions, including forum shopping exception, to first-to-file rule, without mention of *Brillhart* or abstention).

court proceeding.  As to the second clause, a party is "necessary" if (1) complete relief cannot be granted in the party's absence or (2) the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests.'" *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878, 880 (9th Cir. 2004) (quoting Fed. R. Civ. P. 19(a)(2)).  Plaintiffs do not here assert that Boender is a necessary party, only that he is a "potential" party.  Likewise, as to the third clause, the question is whether *necessary* parties are amenable to process in the proceeding at issue.  Plaintiffs have not shown that the F&R erred by excluding this factor from its analysis.

Altogether, the Court cannot say that the F&R erred in focusing its inquiry in this case on the "three rationales" specifically identified in *Brillhart*—rationales that the Ninth Circuit has called the "philosophic touchstone" of an abstention analysis.  *Chamberlain*, 931 F.2d at 1367 ("three rationales"); *Gov't Emps. Ins. Co.*, 133 F.3d at 1225 ("philosophic touchstone").  The F&R explicitly recognized that the three *Brillhart* "'factors' . . . 'are not exhaustive'" and, by extension, appeared to implicitly deem the other potential factors irrelevant here.  F&R 5-6 (quoting *Gov't Emps. Ins. Co.*, 133 F.3d at 1225 n.5).  This Court concludes the same.

## CONCLUSION

For all the reasons stated herein, the Court ADOPTS Judge You's findings and recommendation, ECF 26, in full.  Accordingly, this action is DISMISSED without prejudice pursuant to the *Brillhart/Wilton* doctrine, and any pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 5th day of March, 2026.

_____
Adrienne Nelson
United States District Judge